1  MICHAEL C. Ormsby
   United States Attorney
2  Eastern District of Washington
3  TYLER H.L. TORNABENE
   Assistant United States Attorney
4  Eastern District of Washington
   PO Box 1494
5  Spokane, Washington 99210
6  (509) 353-2767

7  ERIKA M. ZIMMERMAN
   Trial Attorney, Oregon No. 055004
8  Environmental Enforcement Section
   Environment and Natural Resources Division
9  United States Department of Justice
   c/o NOAA, 7600 Sand Point Way, NE
10 Seattle, Washington 98115
11 (206) 526-6608

12

13         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON
14

15

16 THE UNITED STATES OF AMERICA,    )
                                    )
17               Plaintiff,         )
                                    )
18      v.                          )
                                    )    Civil Action No.
19 SPOKANE COUNTY, WASHINGTON,      )
                                    )    **COMPLAINT**
20               Defendant.         )
                                    )
21 _____  )

22

23

24

The United States of America, by the authority of the Attorney General of the United States and on behalf of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 106, 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a) and 9613(g)(2).  In this action, the United States seeks to recover costs incurred, and to be incurred, by the United States in response to the release and/or threatened release of hazardous substances into the environment at or from the Vermiculite Northwest – Spokane County Superfund Site ("Site") and to require Defendant to implement a removal action selected by EPA for the Site.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action, and the Defendant, pursuant to 28 U.S.C. §§ 1331 and 1345 and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

3.      Venue is proper in this District under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and actual releases of hazardous substances occurred, within this judicial district.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## DEFENDANT

4.      Defendant Spokane County, Washington ("Defendant") is the current

owner of the Site, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C.

§ 9607(a)(1).

5.      Defendant is a "person," within the meaning of Section 101(21) of

CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

### CERCLA

6.      CERCLA provides that whenever any hazardous substance is released

into the environment, or there is a substantial threat of such a release into the

environment, the President is authorized to act, consistent with the National

Contingency Plan, to remove or arrange for the removal of, and provide for

remedial action relating to such hazardous substance.  42 U.S.C. § 9604(a).

7.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides:

> (1) the owner or operator of a vessel or a facility, . . .
> shall be liable for –
> > (A) all costs of removal or remedial action incurred by the
> > United States Government  . . . not inconsistent with the
> > national contingency plan  . . .

8.      Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B),

provides, in pertinent part, that:

> In any such action described in this subsection [an action for
> recovery of costs under Section 107 of CERCLA], the court

1
2

      shall enter a declaratory judgment on liability for response costs
      or damages that will be binding on any subsequent action or
      actions to recover response costs or damages.

3
4

  9.  Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in relevant

5

part:

6

      [W]hen the President determines that there may be an imminent and
      substantial endangerment to the public health or welfare of the

7

      environment because of an actual or threatened release of a
      hazardous substance from a facility, he may ... secure such relief as

8

      may be necessary to abate such danger or threat ....

9

  10.  By Executive Order 12580 of January 23, 1987, the President's

10

functions under 42 U.S.C. § 9606(a) have been delegated to the Administrator of

11

the EPA.

12

13

## SITE DESCRIPTION AND BACKGROUND

14

  11.  The Site, located at 1318 North Maple Street in Spokane, Washington,

15

encompassing about 2.5 acres, is the location of a former vermiculite processing

16

facility.  Between about 1951 and 1973, the Site was operated by Vermiculite-

17

Northwest, Inc., and subsequently by W.R. Grace & Co., both of which transported

18

19

raw vermiculite ore from a mine in Libby, Montana to the facility for processing

20

and packaging into consumer products.

21

  12.  Defendant Spokane County purchased the Site in 2000 and is the

22

current owner of the Site.

23

24

13.     In 2000 and 2001, EPA conducted sampling at the Site that identified the presence of asbestos in the soil.

14.     In 2002, EPA conducted a further study to characterize the asbestos in the soil at the Site, which showed that the asbestos includes the same type of asbestos that occurs in vermiculite ore from the mine in Libby, Montana, and the asbestos can become airborne if the soil is disturbed.

15.     In 2006, Spokane County conducted studies on the extent of asbestos contamination at the Site, and as a result, Spokane County and the Washington Department of Ecology determined that the encapsulation of contaminated soils in place was a more feasible alternative than removal and off-site disposal of the contaminated soils.  In 2007, Spokane County designed and installed an asphalt and soil cap at the Site.

16.     EPA conducted additional investigations at the Site in 2009, which concluded that future land use activities at the Site that involve significant soil disturbing activities could cause the release of asbestos to the air, resulting in potential asbestos exposures that could pose a health risk to Site workers, adjacent residents and passers-by.

17.     EPA selected a removal action for the Site, set forth in an Action Memorandum issued on August 24, 2011.  The selected removal action consists of

requiring the owner of the Site to record and comply with appropriate institutional controls.

18.     As of May 31, 2014, EPA has unreimbursed response costs for the Site in the amount of $101,796.50.

**FIRST CLAIM FOR RELIEF**
**(Recovery of Response Costs under CERCLA, 42 U.S.C. § 9607)**

19.     The allegations of the foregoing paragraphs are incorporated herein by reference.

20.     There have been "releases" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), as well as the threat of continuing releases of hazardous substances, including asbestos, into the environment at and from the Site.

21.     Asbestos is defined as a "hazardous substance" pursuant to Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

22.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23.     The United States has incurred, and will continue to incur, response costs as defined by Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), to address releases and/or threatened releases of hazardous substances at or from the Site.

24.     The costs of the response actions taken by the United States in connection with the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

25.     Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendant is a current owner of the facility and liable for all response costs incurred by the United States in connection with the Site.

26.     Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Defendant is liable for a "declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief under CERCLA, 42 U.S.C. § 9606)

27.     EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and/or threatened releases of hazardous substances into the environment at and from the Site.

28.     Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendant is subject to injunctive relief to record and comply with the institutional controls for the Site, as selected by EPA in the removal action set forth in the August 24, 2011 Action Memorandum, which EPA has determined is necessary to

1  abate the danger or threat presented by releases or threatened releases of hazardous

2  substances into the environment at and from the Site.

3                                **PRAYER FOR RELIEF**

4

5      WHEREFORE, Plaintiff the United States of America respectfully requests

6  that the Court:

7      1.    Award the United States a judgment against Defendant for all costs

8  incurred by the United States in connection with the Site, plus interest;

9      2.    Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2),

10 enter a "declaratory judgment on liability for response costs . . . that will be

11 binding on any subsequent action or actions to recover further response costs.";

12     3.    Order the Defendant to implement the institutional controls for the

13 Site as selected by EPA in the removal action set forth in the August 24, 2011

14 Action Memorandum; and

15     4.    Grant such other and further relief as this Court deems appropriate.

16 Date: January 23, 2015

17 Respectfully submitted,

18

19 FOR THE UNITED STATES:

20

21

22                          THOMAS A. MARIANI, JR.
                            Deputy Section Chief
23                          Environmental Enforcement Section
24                          Environment and Natural Resources Division

1      United States Department of Justice

2

3       /s Erika M. Zimmerman
        ERIKA M. ZIMMERMAN
4       Trial Attorney, Oregon No. 055004
        Environmental Enforcement Section
5       Environment and Natural Resources Division
        United States Department of Justice
6       c/o NOAA, Damage Assessment
        7600 Sand Point Way, NE
7       Seattle, Washington 98115
        (206) 526-6608
8       erika.zimmerman@usdoj.gov

9

10      MICHAEL C. Ormsby
        United States Attorney
11      Eastern District of Washington

12

13      TYLER H.L. TORNABENE
        Assistant United States Attorney
14      Eastern District of Washington
        PO Box 1494
15      Spokane, Washington 99210
        (509) 353-2767
16

17   OF COUNSEL:

18

19   KRIS LEEFERS
     Assistant Regional Counsel
20   U.S. Environmental Protection Agency, Region 10
     1200 Sixth Avenue, Suite 900
21   Seattle, Washington 98101
22   (206) 553-1532
     Leefers.kristin@epa.gov
23

24