1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE UNITED STATES OF
AMERICA,

                         Plaintiff,

         v.

SPOKANE COUNTY,
WASHINGTON,

                         Defendant.

NO:  15-CV-0018-TOR

ORDER APPROVING CONSENT
DECREE

13

14

15

16

17

18

19

20

     BEFORE THE COURT is the United States' unopposed Motion to Enter

Consent Decree (ECF No. 6).[1]  The Consent Decree would resolve the United

States' claims against Spokane County, asserted under Sections 106 and 107 of the

Comprehensive Environmental Response, Compensation and Liability Act

("CERCLA"), 42 U.S.C. §§ 9606 and 9607.  ECF No. 1.  Spokane County has

_____

[1] Although this matter is set for hearing on May 14, 2015, this Court finds no

reason to delay its order.

ORDER APPROVING CONSENT DECREE ~ 1

consented to entry of the proposed Consent Decree.  *See* ECF No. 2-1 at 31-32.

The United States, pursuant to 28 C.F.R. § 50.7, published notice of the proposed

Consent Decree in the Federal Register, 80 Fed. Reg. 5139 (Jan. 30, 2015),

allowing a 30-day opportunity for public comment.  *See* ECF No. 4 at 5-6; 4-1.

The comment period expired on March 1, 2015, without comment.  *See* ECF No. 4

at 5-6; 4-1.

Finding the proposed Consent Decree "reasonable, fair, and consistent with

the purposes that CERCLA is intended to serve," *United States v. Montrose Chem.*

*Corp. of Cal.*, 50 F.3d 741, 743 (9th Cir. 1995), this Court **GRANTS** the United

States' Motion (ECF No. 6).  The Consent Decree, filed at ECF No. 2-1, is now

approved and an endorsed copy appended hereto.

//

//

//

//

//

//

//

//

//

ORDER APPROVING CONSENT DECREE ~ 2

**IT IS HEREBY ORDERED:**

The United States' unopposed Motion to Enter Consent Decree (ECF No. 6) is **GRANTED**, and the Consent Decree, filed at ECF No. 2-1, is approved and an endorsed copy appended hereto.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** in favor of the United States, provide copies to counsel and administratively **CLOSE** the file. The Court retains jurisdiction to enforce the Consent Decree. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994).

**DATED** April 30, 2015.



THOMAS O. RICE
United States District Judge

ORDER APPROVING CONSENT DECREE ~ 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON


THE UNITED STATES OF AMERICA,        )
                                     )
                        Plaintiff,   )
            v.                       )
                                     )    Civil Action No.
SPOKANE COUNTY, WASHINGTON,          )
                                     )    **CONSENT DECREE**
                        Defendant.   )
_____  )

<u>TABLE OF CONTENTS</u>

I.      BACKGROUND ............................................................................................... 1
II.     JURISDICTION................................................................................................ 2
III.    PARTIES BOUND ........................................................................................... 2
IV.     DEFINITIONS .................................................................................................. 2
V.      GENERAL PROVISIONS ............................................................................... 5
VI.     PERFORMANCE OF THE WORK BY SETTLING DEFENDANT.......................... 7
VII.    REMOVAL ACTION REVIEW ……………………………………………… 8
VIII.   ACCESS AND INSTITUTIONAL CONTROLS......................................... 8
IX.     REPORTING REQUIREMENTS ................................................................... 9
X.      PROJECT COORDINATORS....................................................................... 10
XI.     EPA APPROVAL OF PLANS, REPORTS, AND OTHER DELIVERABLES……………10
XII.    CERTIFICATION OF COMPLETION OF THE WORK...................................... 11
XIII.   EMERGENCY RESPONSE ........................................................................... 12
XIV.    PAYMENTS FOR RESPONSE COSTS ...................................................... 12
XV.     INDEMNIFICATION ..................................................................................... 14
XVI.    FORCE MAJEURE ......................................................................................... 15
XVII.   DISPUTE RESOLUTION .............................................................................. 17
XVIII.  STIPULATED PENALTIES ........................................................................... 19
XIX.    COVENANTS BY PLAINTIFF .................................................................... 21
XX.     COVENANTS BY SETTLING DEFENDANT ........................................... 22
XXI.    EFFECT OF SETTLEMENT; CONTRIBUTION ........................................ 24
XXII.   ACCESS TO INFORMATION ...................................................................... 25
XXIII.  RETENTION OF RECORDS......................................................................... 26
XXIV.   NOTICES AND SUBMISSIONS .................................................................. 27
XXV.    RETENTION OF JURISDICTION ............................................................... 28
XXVI.   APPENDICES ................................................................................................. 28
XXVII.  COMMUNITY INVOLVEMENT.................................................................. 28
XXVIII. MODIFICATION ............................................................................................ 29
XXIX.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................. 29
XXX.    SIGNATORIES/SERVICE............................................................................. 29
XXXI.   FINAL JUDGMENT ...................................................................................... 30

# I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

B.    The United States in its complaint seeks, *inter alia*: (1) reimbursement of costs incurred by EPA and the Department of Justice ("DOJ") for response actions at the Vermiculite Northwest – Spokane County Superfund Site ("Site") in Spokane, Washington together with accrued interest; and (2) performance of response actions by the defendant at the Site consistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

C.    In accordance with the NCP and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of Washington (the "State") of negotiations with potentially responsible parties ("PRPs") regarding the time-critical removal action for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

D.    The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint, nor does it acknowledge that the release or threatened release of hazardous substance(s) at or from the Site constitutes an imminent and substantial endangerment to the public health or welfare or the environment.

E.    The decision by EPA on the removal action to be implemented at the Site is embodied in the Action Memorandum for a Time-Critical Removal Action ("Action Memorandum"), executed on August, 24, 2011.  The Action Memorandum is attached as Appendix A.

F.    Based on the information presently available to EPA, EPA believes that the Work will be properly and promptly conducted by Settling Defendant if conducted in accordance with the requirements of this Consent Decree and its appendices.

G.    The Parties recognize that the response action set forth in the Action Memorandum and the Work to be performed by Settling Defendant constitute a Removal Action, pursuant to 40 C.F.R. § 300.415, and this Consent Decree is a reflection of the specific circumstances of this Removal Action.

H.    Solely for the purposes of Section 113(j) of CERCLA, 42 U.S.C. § 9613(j), the response action set forth in the Action Memorandum and the Work to be performed by Settling Defendant shall constitute a response action taken or ordered by the President for which judicial review shall be limited to the administrative record.

I.    The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and implementation of this Consent Decree will expedite the cleanup of the Site and will avoid prolonged and complicated

litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b).  This Court also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree applies to and is binding upon the United States and upon Settling Defendant and its successors and assigns.  Any change in the structure of Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

3.    Settling Defendant shall provide a copy of this Consent Decree to each contractor hired to perform the Work required by this Consent Decree and to each person representing Settling Defendant with respect to the Site or the Work, and shall condition all contracts entered into hereunder upon performance of the Work in conformity with the terms of this Consent Decree.  Settling Defendant or its contractors shall provide written notice of the Consent Decree to all subcontractors hired to perform any portion of the Work required by this Consent Decree. Settling Defendant shall nonetheless be responsible for ensuring that its contractors and subcontractors perform the Work in accordance with the terms of this Consent Decree.  With regard to the activities undertaken pursuant to this Consent Decree, each contractor and subcontractor shall be deemed to be in a contractual relationship with Settling Defendant within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

## IV.    DEFINITIONS

4.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply solely for purposes of this Consent Decree:

"Action Memorandum" shall mean the EPA Action Memorandum for a Time-Critical Removal Action relating to the Site signed on August, 24, 2011, by Greg Weigel, Federal On-Scene Coordinator, EPA Region 10, and all attachments thereto.  The Action Memorandum is attached as Appendix A.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto (listed in Section XXVI).  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day unless expressly stated to be a working day. The term "working day" shall mean a day other than a Saturday, Sunday, or federal or state holiday.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

"Environmental Covenant" shall mean the document entered into between Settling Defendant and the Washington State Department of Ecology ("Ecology"), and signed by the EPA, pursuant to the Uniform Environmental Covenants Act ("UECA"), Chapter 64.70 Revised Code of Washington ("RCW"), as set forth in Exhibit B, and any modifications or amendments thereto.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Future Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States incurs in reviewing or developing plans, reports, and other deliverables submitted pursuant to this Consent Decree, in overseeing implementation of the Work, or otherwise implementing, overseeing, or enforcing this Consent Decree, including, but not limited to, payroll costs, contractor costs, travel costs, laboratory costs, the costs incurred pursuant to Paragraph 9 (Notice to Successors-in-Title and Transfers of Real Property), Sections VII (Removal Action Review), VIII (Access and Institutional Controls) (including, but not limited to, the cost of attorney time and any monies paid to secure access and/or to secure, implement, monitor, maintain, or enforce Institutional Controls including, but not limited to, the amount of just compensation), XIII (Emergency Response), and Section XXVII (Community Involvement).  Future Response Costs shall also include all Interim Response Costs, and all Interest on those Past Response Costs Settling Defendant has agreed to pay under this Consent Decree that has accrued pursuant to 42 U.S.C. § 9607(a) during the period from  May 31, 2014 to the Effective Date.

"Institutional Controls" or "ICs" means Proprietary Controls and state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices that: (a) limit land, water, or other resource use to minimize the potential for human exposure to Waste Material at or in connection with the Site; (b) limit land, water, or other resource use to implement, ensure non-interference with, or ensure the protectiveness of the Removal Action; and/or (c) provide information intended to modify or guide human behavior at or in connection with the Site.

"Interim Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, (a) paid by the United States in connection with the Site between May 31, 2014 and the Effective Date, or (b) incurred prior to the Effective Date but paid after that date.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendant.

"Past Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States paid at or in connection with the Site through May 31, 2014, plus Interest on all such costs that has accrued pursuant to 42 U.S.C. § 9607(a) through such date.

"Plaintiff" shall mean the United States.

"Proprietary Controls" shall mean easements or covenants running with the land that (a) limit land, water, or resource use and/or provide access rights and (b) are created pursuant to common law or statutory law by an instrument that is recorded by the owner in the appropriate land records office.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Removal Action" shall mean all activities Settling Defendant is required to perform under the Consent Decree to implement the Action Memorandum, in accordance with the Environmental Covenant, including implementation of Institutional Controls, and excluding the activities required under Section XXIII (Retention of Records).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Spokane County, Washington.

"Site" shall mean the Vermiculite Northwest – Spokane County Superfund Site located in Spokane, Washington, and depicted generally on the map attached as Appendix C.

"State" shall mean the State of Washington.

"Transfer" shall mean to sell, assign, convey, lease, mortgage, or grant a security interest in, or where used as a noun, a sale, assignment, conveyance, or other disposition of any interest by operation of law or otherwise.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); (3) any "solid waste" under Section 1004(27) of RCRA, 42 U.S.C.§ 6903(27); and (4) and any "hazardous substance" under the Washington Model Toxics Control Act, Chapter 70.105D RCW.

"Work" shall mean all activities and obligations Settling Defendant is required to perform under this Consent Decree, except the activities required under Section XXIII (Retention of Records).

## V.    GENERAL PROVISIONS

5.    Objectives of the Parties.  The objectives of the Parties in entering into this Consent Decree are to protect public health or welfare or the environment by the implementation of response actions at the Site by Settling Defendant, to pay response costs of the United States, and to resolve the claims of Plaintiff against Settling Defendant as provided in this Consent Decree.

6.    Commitments by Settling Defendant. Settling Defendant shall finance and perform the Work in accordance with this Consent Decree, the Action Memorandum, and the Environmental Covenant.  Settling Defendant shall pay the United States for Past Response Costs and Future Response Costs as provided in this Consent Decree.

7.    Compliance With Applicable Law.  All activities undertaken by Settling Defendant pursuant to this Consent Decree shall be performed in accordance with the requirements of all applicable federal and state laws and regulations.  Settling Defendant must also comply with all applicable or relevant and appropriate requirements of all federal and state environmental laws as set forth in the Action Memorandum and the Environmental Covenant. The activities conducted pursuant to this Consent Decree, if approved by EPA, shall be deemed to be consistent with the NCP.

8.      Permits.

        a.      As provided in Section 121(e) of CERCLA, 42 U.S.C. § 9621(e), and Section 300.400(e) of the NCP, no permit shall be required for any portion of the Work conducted entirely on-site (i.e., within the areal extent of contamination or in very close proximity to the contamination and necessary for implementation of the Work).  Where any portion of the Work that is not on-site requires a federal or state permit or approval, Settling Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.

        b.      Settling Defendant may seek relief under the provisions of Section XVI (Force Majeure) for any delay in the performance of the Work resulting from a failure to obtain, or a delay in obtaining, any permit or approval referenced in Paragraph 8.a and required for the Work, provided that they have submitted timely and complete applications and taken all other actions necessary to obtain all such permits or approvals.

        c.      This Consent Decree is not, and shall not be construed to be, a permit issued pursuant to any federal or state statute or regulation.

9.      Notice to Successors-in-Title and Transfers of Real Property.

        a.      For any real property owned or controlled by Settling Defendant located at the Site, Settling Defendant shall, within 15 days after the Effective Date, submit to EPA for review and approval a proposed notice to be filed with the appropriate land records office that provides a description of the real property and provides notice to all successors-in-title that the real property is part of the Site, that EPA has selected a Removal Action for the Site, and that potentially responsible parties have entered into a Consent Decree requiring implementation of the Removal Action.  The notice also shall describe the land use restrictions, if any, set forth in Paragraph 15 and shall identify the United States District Court in which the Consent Decree was filed, the name and civil action number of this case, and the date the Consent Decree was entered by the Court. Settling Defendant shall record the notice within ten days after EPA's approval of the notice.  Settling Defendant shall provide EPA with a certified copy of the recorded notice within ten days after recording such notice.

        b.      Settling Defendant shall, at least 60 days prior to any Transfer of any real property located at the Site, give written notice: (1) to the transferee regarding the Consent Decree and any Institutional Controls regarding the real property; and (2) to EPA and the State regarding the proposed Transfer, including the name and address of the transferee and the date on which the transferee was notified of the Consent Decree and any Institutional Controls.

        c.      Settling Defendant may Transfer any real property located at the Site only if: (1) the Environmental Covenant required by Paragraph 10 has been recorded with respect to the real property; and (2) Settling Defendant has obtained an agreement from the transferee, enforceable by Settling Defendant and the United States, to allow access and restrict land/water use, pursuant to Paragraphs 14 and 15, and EPA has approved the agreement in writing.  If, after a Transfer of the real property, the transferee fails to comply with the agreement provided for in this Paragraph 9.c, Settling Defendant shall take all reasonable steps to obtain the transferee's

compliance with such agreement.  The United States may seek the transferee's compliance with the agreement and/or assist Settling Defendant in obtaining compliance with the agreement. Settling Defendant shall reimburse the United States under Section XIV (Payments for Response Costs), for all costs incurred, direct or indirect, by the United States regarding obtaining compliance with such agreement, including, but not limited to, the cost of attorney time.

        d.      In the event of any Transfer of real property located at the Site, unless the United States otherwise consents in writing, Settling Defendant shall continue to comply with its obligations under the Consent Decree, including, but not limited to, its obligation to provide and/or secure access, to implement, maintain, monitor, and report on Institutional Controls, and to abide by such Institutional Controls.

## VI.    PERFORMANCE OF THE WORK BY SETTLING DEFENDANT

10.    <u>Removal Action</u>.

        a.      Within 30 days after the Effective Date of this Consent Decree, Settling Defendant shall record the Environmental Covenant with the appropriate lands records office.

        b.      Settling Defendant agrees to be bound by and enforce the covenants, conditions and restrictions of the Environmental Covenant. Settling Defendant shall submit to EPA and the State all reports and other deliverables required under the Environmental Covenant.

11.    <u>Modification of Environmental Covenant</u>.

        a.      If EPA determines that it is necessary to modify the terms, conditions, or restrictions of the Environmental Covenant to  carry out and maintain the effectiveness of the Removal Action selected by the Action Memorandum, and such modification is consistent with the scope of the Removal Action selected by the Action Memorandum, then EPA may issue such modified terms, conditions, or restrictions in writing to Ecology and Settling Defendant. For the purposes of this Paragraph and Section XII (Certification of Completion of the Work) only, the "scope of the action selected by the Action Memorandum" is: the implementation of Institutional Controls at the Site in order to minimize human and environmental contact with asbestos-contaminated soil and exposure to airborne asbestos that could result from disturbance of asbestos-contaminated soil, by having the owner of the Site file and abide by necessary and appropriate restrictive covenants.  If Settling Defendant objects to the modification it may, within 30 days after EPA's notification, seek dispute resolution under Paragraph 43 (Record Review).

        b.      The Environmental Covenant shall be modified: (1) in accordance with the modification issued by EPA pursuant to the procedures and process contained in the amendment and termination provisions of UECA, RCW 64.70.090 and 64.70.100, and the Washington Administrative Code 173-340-440; or (2) if Settling Defendant invokes dispute resolution, in accordance with the final resolution of the dispute.

      c.     Settling Defendant has full responsibility to initiate any and all steps and procedures required to modify the Environmental Covenant within 30 days of the determination that a modification will be made under Paragraph 11.b(1) or (2).

      d.     Any modification to the Environmental Covenant shall be incorporated into and enforceable under this Consent Decree, and Settling Defendant shall implement all work required by such modification.

      e.     Nothing in this Paragraph shall be construed to limit EPA's authority to require performance of further response actions as otherwise provided in this Consent Decree.

## VII.   REMOVAL ACTION REVIEW

12.    <u>Periodic Review</u>.  Settling Defendant shall conduct any studies and investigations that EPA requests in order to permit EPA to conduct reviews, if any, of whether the Removal Action is protective of human health and the environment.

13.    <u>EPA Selection of Further Response Actions</u>.  If EPA determines, at any time, that the Removal Action is not protective of human health and the environment, EPA may select further response actions for the Site in accordance with the requirements of CERCLA and the NCP.

## VIII.   ACCESS AND INSTITUTIONAL CONTROLS

14.    <u>Access Requirements</u>.  Settling Defendant shall, commencing on the date of lodging of this Consent Decree, provide the United States and the State and their representatives, contractors, and subcontractors, with access at all reasonable times to the Site, or such other real property, to conduct any activity regarding the Consent Decree, including, but not limited to, the following activities:

      (a)     Monitoring the Work;

      (b)     Verifying any data or information submitted to the United States or the State;

      (c)     Conducting investigations regarding contamination at or near the Site;

      (d)     Obtaining samples;

      (e)     Assessing the need for, planning, or implementing additional response actions at or near the Site;

      (f)     Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendant or its agents, consistent with Section XXII (Access to Information);

(g)    Assessing Settling Defendant's compliance with the Consent Decree;

(h)    Determining whether the Site or other real property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the Consent Decree; and

(i)    Implementing, monitoring, maintaining, reporting on, and enforcing any Institutional Controls.

15.    <u>Land, Water, or Other Resource Use Restrictions</u>.  Commencing on the date of lodging of the Consent Decree, Settling Defendant shall not use the Site, or such other real property, in any manner that EPA determines will pose an unacceptable risk to human health or to the environment due to exposure to Waste Material or interfere with or adversely affect the implementation, integrity, or protectiveness of the Removal Action.  The land, water, and other resource use restrictions are listed in Section III of the Environmental Covenant.

16.    If EPA determines that Institutional Controls in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls are needed at or in connection with the Site, Settling Defendant shall cooperate with EPA's efforts to secure and ensure compliance with such governmental controls.

17.    Notwithstanding any provision of the Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require Institutional Controls, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## IX. REPORTING REQUIREMENTS

18.    Within seven days after Settling Defendant records the Environmental Covenant with the appropriate lands records office, Settling Defendant shall provide certification to EPA that the Environmental Covenant has been recorded.  Settling Defendant's certification shall include a copy of the recorded Environmental Covenant.

19.    Settling Defendant shall submit two copies of all plans, reports, data, and other deliverables required by the Environmental Covenant or any other approved plans to EPA in accordance with the schedules set forth in such plans.  Settling Defendant shall simultaneously submit two copies of all such plans, reports, data, and other deliverables to the State.  Upon request by EPA, Settling Defendant shall submit in electronic form all or any portion of any deliverables Settling Defendant is required to submit pursuant to the provisions of this Consent Decree.

20.    All deliverables submitted by Settling Defendant to EPA that purport to document Settling Defendant's compliance with the terms of this Consent Decree shall be signed by an authorized representative of Settling Defendant.

## X. PROJECT COORDINATORS

21.     Within 20 days after lodging this Consent Decree, Settling Defendant and EPA will notify each other, in writing, of the name, address, telephone number, and email address of their respective designated Project Coordinators and Alternate Project Coordinators.  If a Project Coordinator or Alternate Project Coordinator initially designated is changed, the identity of the successor will be given to the other Parties at least five working days before the change occurs, unless impracticable, but in no event later than the actual day the change is made.  Settling Defendant's Project Coordinator shall be subject to disapproval by EPA and shall have the technical expertise sufficient to adequately oversee all aspects of the Work.  Settling Defendant's Project Coordinator shall not be an attorney for any Settling Defendant in this matter.  He or she may assign other representatives, including other contractors, to serve as a Site representative for oversight of performance of the Work.

22.     Plaintiff may designate other representatives, including, but not limited to, EPA employees, and federal contractors and consultants, to observe and monitor the progress of any activity undertaken pursuant to this Consent Decree.  EPA's Project Coordinator and Alternate Project Coordinator shall have the authority lawfully vested in a Remedial Project Manager ("RPM") and an On-Scene Coordinator ("OSC") by the NCP, 40 C.F.R. Part 300.  EPA's Project Coordinator or Alternate Project Coordinator shall have authority, consistent with the NCP, to halt any Work required by this Consent Decree and to take any necessary response action when he or she determines that conditions at the Site constitute an emergency situation or may present an immediate threat to public health or welfare or the environment due to release or threatened release of Waste Material.

## XI.     EPA APPROVAL OF PLANS, REPORTS, AND OTHER DELIVERABLES

23.     Initial Submissions.

a.     After review of any plan, report, or other deliverable that is required to be submitted for approval pursuant to this Consent Decree, EPA, after reasonable opportunity for review and comment by the State, shall: (1) approve, in whole or in part, the submission; (2) approve the submission upon specified conditions; (3) disapprove, in whole or in part, the submission; or (4) any combination of the foregoing.

b.     EPA also may modify the initial submission to cure deficiencies in the submission if: (1) EPA determines that disapproving the submission and awaiting a resubmission would cause substantial disruption to the Work; or (2) previous submission(s) have been disapproved due to material defects and the deficiencies in the initial submission under consideration indicate a bad faith lack of effort to submit an acceptable plan, report, or deliverable.

24.     Resubmissions.  Upon receipt of a notice of disapproval under Paragraph 23.a(3) or (4), or if required by a notice of approval upon specified conditions under Paragraph 23.a(2), Settling Defendant shall, within 15 days or such longer time as specified by EPA in such notice, correct the deficiencies and resubmit the plan, report, or other deliverable for approval.  After review of the resubmitted plan, report, or other deliverable, EPA may: (a) approve, in whole or

in part, the resubmission; (b) approve the resubmission upon specified conditions; (c) modify the resubmission; (d) disapprove, in whole or in part, the resubmission, requiring Settling Defendant to correct the deficiencies; or (e) any combination of the foregoing.

25.     Material Defects.  If an initially submitted or resubmitted plan, report, or other deliverable contains a material defect, and the plan, report, or other deliverable is disapproved or modified by EPA under Paragraph 23.b(2) or 24 due to such material defect, then the material defect shall constitute a lack of compliance for purposes of Paragraph 46.  The provisions of Section XVII (Dispute Resolution) and Section XVIII (Stipulated Penalties) shall govern the accrual and payment of any stipulated penalties regarding Settling Defendant's submissions under this Section.

26.     Implementation.  Upon approval, approval upon conditions, or modification by EPA under Paragraph 23 (Initial Submissions) or 24 (Resubmissions), of any plan, report, or other deliverable, or any portion thereof: (a) such plan, report, or other deliverable, or portion thereof, shall be incorporated into and enforceable under this Consent Decree; and (b) Settling Defendant shall take any action required by such plan, report, or other deliverable, or portion thereof, subject only to their right to invoke the Dispute Resolution procedures set forth in Section XVII (Dispute Resolution) with respect to the modifications or conditions made by EPA.  The implementation of any non-deficient portion of a plan, report, or other deliverable submitted or resubmitted under Paragraph 23 or 24 shall not relieve Settling Defendant of any liability for stipulated penalties under Section XVIII (Stipulated Penalties).

## XII. CERTIFICATION OF COMPLETION OF THE WORK

27.     Completion of the Work.

a.      Within 30 days after Settling Defendant concludes that all phases of the Work, other than any remaining activities required under Section VII ( Removal Action Review), have been fully performed, Settling Defendant shall submit a written report by stating that the Work has been completed in full satisfaction of the requirements of this Consent Decree.  The report shall contain the following statement:

I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

that shall be signed by a responsible corporate official of Settling Defendant or Settling Defendant's Project Coordinator.  If, after review of the written report, EPA, after reasonable opportunity for review and comment by the State, determines that any portion of the Work has not been completed in accordance with this Consent Decree, EPA will notify Settling Defendant in writing of the activities that must be undertaken by Settling Defendant pursuant to this

Consent Decree to complete the Work, provided, however, that EPA may only require Settling Defendant to perform such activities pursuant to this Paragraph to the extent that such activities are consistent with the "scope of the action selected in the Action Memorandum," as that term is defined in Paragraph 11.a.  EPA will set forth in the notice a schedule for performance of such activities consistent with the Consent Decree or require Settling Defendant to submit a schedule to EPA for approval.  Settling Defendant shall perform all activities described in the notice in accordance with the specifications and schedules established therein, subject to their right to invoke the dispute resolution procedures set forth in Section XVII (Dispute Resolution).

b.      If EPA concludes, based on the initial or any subsequent request for Certification of Completion of the Work by Settling Defendant and after a reasonable opportunity for review and comment by the State, that the Work has been performed in accordance with this Consent Decree, EPA will so notify Settling Defendant in writing.

XIII. EMERGENCY RESPONSE

28.      Subject to Section XIX (Covenants by Plaintiff), nothing in this Consent Decree shall be deemed to limit any authority of the United States (a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, or (b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site.

XIV. PAYMENTS FOR RESPONSE COSTS

29.      Payment by Settling Defendant for Past Response Costs.

a.      Within 30 days after the Effective Date, Settling Defendant shall pay to EPA $101,796.50 in payment for Past Response Costs.  Payment shall be made in accordance with Paragraph 31.a (Instructions for Past Response Cost Payments).

b.      The total amount to be paid by Settling Defendant pursuant to this Paragraph shall be deposited by EPA in the EPA Hazardous Substance Superfund.

30.      Payments by Settling Defendant for Future Response Costs.  Settling Defendant shall pay to EPA all Future Response Costs not inconsistent with the NCP.

a.      On a periodic basis, EPA will send Settling Defendant a bill requiring payment that includes a Certified SCORPIOS Report , which includes direct and indirect costs incurred by EPA, its contractors, and DOJ.  Settling Defendant shall make all payments within 30 days after Settling Defendant's receipt of each bill requiring payment, except as provided in Paragraph 32, in accordance with Paragraphs 31.b (Instructions for Future Response Cost Payments).

b.      The total amount to be paid by Settling Defendant pursuant to this Paragraph shall be deposited by EPA in the EPA Hazardous Substance Superfund.

31.    <u>Payment Instructions for Settling Defendant</u>.

a.    <u>Instructions for Past Response Costs Payments</u>.  All payments required, elsewhere in this Consent Decree, to be made in accordance with this Paragraph 31.a shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Washington after the Effective Date. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU shall provide the payment instructions to:

Mr. Bob Brueggeman
Spokane County Engineer
1026 W. Broadway Avenue
Public Works Building
Spokane, Washington 99260-0170

on behalf of Settling Defendant.  Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change in accordance with Section XXIV (Notices and Submissions).  When making payments under this Paragraph 31.a, Settling Defendant shall also comply with Paragraph 31.c.

b.    <u>Instructions for Future Response Costs Payments and Stipulated Penalties</u>. All payments required, elsewhere in this Consent Decree, to be made in accordance with this Paragraph 31.b shall be made by Fedwire EFT to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

When making payments under this Paragraph 31.b, Settling Defendant shall also comply with Paragraph 31.c.

c.    <u>Instructions for All Payments</u>.  All payments made under Paragraphs 31.a (Instructions for Past Response Cost Payments) or 31.b (Instructions for Future Response Cost Payments) shall reference the CDCS Number, Site/Spill ID Number 10GW, and DOJ Case Number 90-11-3-10899.  At the time of any payment required to be made in accordance with Paragraphs 31.a or 31.b, Settling Defendant shall send notice that payment has been made to the United States, and to EPA, in accordance with Section XXIV (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at cinwd_acctsreceivable@epa.gov, or by mail at 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268.  Such notice shall also reference the CDCS Number, Site/Spill ID Number, and DOJ Case Number.

32.     Settling Defendant may contest any Future Response Costs billed under Paragraph 30 (Payments by Settling Defendant for Future Response Costs) if it determines that EPA has made a mathematical error or included a cost item that is not within the definition of Future Response Costs, or if it believes EPA incurred excess costs as a direct result of an EPA action that was inconsistent with a specific provision or provisions of the NCP.  Such objection shall be made in writing within 30 days after receipt of the bill and must be sent to the United States pursuant to Section XXIV (Notices and Submissions).  Any such objection shall specifically identify the contested Future Response Costs and the basis for objection.  In the event of an objection, Settling Defendant shall pay all uncontested Future Response Costs to the United States within 30 days after Settling Defendant's receipt of the bill requiring payment. Simultaneously, Settling Defendant shall establish, in a duly chartered bank or trust company, an interest-bearing escrow account that is insured by the Federal Deposit Insurance Corporation ("FDIC"), and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs.  Settling Defendant shall send to the United States, as provided in Section XXIV (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account.  Simultaneously with establishment of the escrow account, Settling Defendant shall initiate the Dispute Resolution procedures in Section XVII (Dispute Resolution).  If the United States prevails in the dispute, Settling Defendant shall pay the sums due (with accrued interest) to the United States within five days after the resolution of the dispute.  If Settling Defendant prevails concerning any aspect of the contested costs, Settling Defendant shall pay that portion of the costs (plus associated accrued interest) for which they did not prevail to the United States within five days after the resolution of the dispute. Settling Defendant shall be disbursed any balance of the escrow account.  All payments to the United States under this Paragraph shall be made in accordance with Paragraphs 31.b (Instructions for Future Response Cost Payments).  The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XVII (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding Settling Defendant's obligation to reimburse the United States for its Future Response Costs.

33.     Interest.  In the event that any payment for Past Response Costs or for Future Response Costs required under this Section is not made by the date required, Settling Defendant shall pay Interest on the unpaid balance.  The Interest to be paid on Past Response Costs under this Paragraph shall begin to accrue on the Effective Date.  The Interest on Future Response Costs shall begin to accrue on the date of the bill.  The Interest shall accrue through the date of Settling Defendant's payment.  Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Paragraphs 46 and 47.

## XV. INDEMNIFICATION

34.     Settling Defendant's Indemnification of the United States.

a.      The United States does not assume any liability by entering into this Consent Decree or by virtue of any designation of Settling Defendant as EPA's authorized representatives under Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).  Settling Defendant shall indemnify, save and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, and representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on its behalf or under its control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendant as EPA's authorized representatives under Section 104(e) of CERCLA. Further, Settling Defendant agrees to pay the United States all costs it incurs including, but not limited to, attorneys' fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on its behalf or under its control, in carrying out activities pursuant to this Consent Decree.  The United States shall not be held out as a party to any contract entered into by or on behalf of Settling Defendant in carrying out activities pursuant to this Consent Decree.  Neither Settling Defendant nor any such contractor shall be considered an agent of the United States.

b.      The United States shall give Settling Defendant notice of any claim for which the United States plans to seek indemnification pursuant to this Paragraph, and shall consult with Settling Defendant prior to settling such claim.

35.      Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States , arising from or on account of any contract, agreement, or arrangement between Settling Defendant and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, Settling Defendant shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between Settling Defendant and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

## XVI. FORCE MAJEURE

36.      "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Settling Defendant, of any entity controlled by Settling Defendant, or of Settling Defendant's contractors that delays or prevents the performance of any obligation under this Consent Decree despite Settling Defendant's best efforts to fulfill the obligation.  The requirement that Settling Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure such that the delay and any adverse effects of the delay are minimized to the greatest extent possible.  "Force majeure" does not include financial inability to complete the Work.

37.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree for which Settling Defendant intends or may intend to assert a claim of force majeure, Settling Defendant shall notify EPA's Project Coordinator orally or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Office of Environmental Cleanup, EPA Region 10, within 7 days of when Settling Defendant first knew that the event might cause a delay.  Within 14 days thereafter, Settling Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Settling Defendant's rationale for attributing such delay to a force majeure; and a statement as to whether, in the opinion of Settling Defendant, such event may cause or contribute to an endangerment to public health or welfare, or the environment.  Settling Defendant shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure.  Settling Defendant shall be deemed to know of any circumstance of which Settling Defendant, any entity controlled by Settling Defendant, or Settling Defendant's contractors knew or should have known.  Failure to comply with the above requirements regarding an event shall preclude Settling Defendant from asserting any claim of force majeure regarding that event, provided, however, that if EPA, despite the late notice, is able to assess to its satisfaction whether the event is a force majeure under Paragraph 36 and whether Settling Defendant has exercised its best efforts under Paragraph 36, EPA may, in its unreviewable discretion, excuse in writing Settling Defendant's failure to submit timely notices under this Paragraph.

38.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure, the time for performance of the obligations under this Consent Decree that are affected by the force majeure will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure shall not, of itself, extend the time for performance of any other obligation.  If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure, EPA will notify Settling Defendant in writing of its decision.  If EPA agrees that the delay is attributable to a force majeure, EPA will notify Settling Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure.

39.     If Settling Defendant elects to invoke the dispute resolution procedures set forth in Section XVII (Dispute Resolution), they shall do so no later than 15 days after receipt of EPA's notice.  In any such proceeding, Settling Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendant complied with the requirements of Paragraphs 36 and 37.  If Settling Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Settling Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

XVII. DISPUTE RESOLUTION

40.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes regarding this Consent Decree.  However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of Settling Defendant that have not been disputed in accordance with this Section.

41.    Any dispute regarding this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute.  The period for informal negotiations shall not exceed 20 days from the time the dispute arises, unless it is modified by written agreement of the parties to the dispute.  The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

42.    <u>Statements of Position</u>.

a.    In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within 30 days after the conclusion of the informal negotiation period, Settling Defendant invokes the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by Settling Defendant.  The Statement of Position shall specify Settling Defendant's position as to whether formal dispute resolution should proceed under Paragraph 43 (Record Review) or Paragraph 44.

b.    Within 30 days after receipt of Settling Defendant's Statement of Position, EPA will serve on Settling Defendant its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA.  EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 43 (Record Review) or Paragraph 44.  Within 14 days after receipt of EPA's Statement of Position, Settling Defendant may submit a Reply.

c.    If there is disagreement between EPA and Settling Defendant as to whether dispute resolution should proceed under Paragraph 43 (Record Review) or 44, the parties to the dispute shall follow the procedures set forth in the paragraph determined by EPA to be applicable.  However, if Settling Defendant ultimately appeals to the Court to resolve the dispute, the Court shall determine which paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 43 and 44.

43.    <u>Record Review</u>.  Formal dispute resolution for disputes pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph.  For purposes of this Paragraph, the adequacy of any response action includes, without limitation, the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree, and the adequacy of the performance of response actions taken pursuant to this

Consent Decree.  Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendant regarding the validity of the Action Memorandum's provisions.

   a.  An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section.  Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

   b.  The Director of the Office of Environmental Cleanup, EPA Region 10, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 43.a.  This decision shall be binding upon Settling Defendant, subject only to the right to seek judicial review pursuant to Paragraphs 43.c and 43.d.

   c.  Any administrative decision made by EPA pursuant to Paragraph 43.b shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by Settling Defendant with the Court and served on all Parties within 30 days after receipt of EPA's decision.  The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree.  The United States may file a response to Settling Defendant's motion.

   d.  In proceedings on any dispute governed by this Paragraph, Settling Defendant shall have the burden of demonstrating that the decision of the Office of Environmental Cleanup Director is arbitrary and capricious or otherwise not in accordance with law.  Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 43.a.

  44.  Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

   a.  Following receipt of Settling Defendant's Statement of Position submitted pursuant to Paragraph 42, the Director of the Office of Environmental Cleanup, EPA Region 10, will issue a final decision resolving the dispute.  The Office of Environmental Cleanup Director's decision shall be binding on Settling Defendant unless, within 30 days after receipt of the decision, Settling Defendant files with the Court and serves on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree.  The United States may file a response to Settling Defendant's motion.

   b.  Notwithstanding Paragraph H (CERCLA Section 113(j) Record Review of Work) of Section I (Background), judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

  45.  The invocation of formal dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Settling Defendant under this

Consent Decree, not directly in dispute, unless EPA or the Court agrees otherwise.  Stipulated penalties with respect to the disputed matter shall continue to accrue but payment shall be stayed pending resolution of the dispute as provided in Paragraph 53.  Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree.  In the event that Settling Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XVIII (Stipulated Penalties).

## XVIII. STIPULATED PENALTIES

46.     Settling Defendant shall be liable for stipulated penalties in the amounts set forth in Paragraphs 47 and 48 to the United States for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section XVI (Force Majeure). "Compliance" by Settling Defendant shall include completion of all payments and activities required under this Consent Decree, or any plan, report, or other deliverable approved under this Consent Decree, in accordance with all applicable requirements of law, this Consent Decree, the Environmental Covenant, and any plans, reports, or other deliverables approved under this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

47.     Stipulated Penalty Amounts - Work (Including Payments).

        a.     The following stipulated penalties shall accrue per violation per day for any noncompliance with activities or payments required by this Consent Decree, including the requirements of Section VI (Performance of the Work by Settling Defendant), Section VII (Removal Action Review), Section VIII (Access and Institutional Controls), Section XIV (Payments for Response Costs), Section XXII (Access to Information), Section XXIII (Retention of Records), and Section XXVII (Community Involvement):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th day |
| $3,000 | 15th through 30th day |
| $5,000 | 31st day and beyond |

48.     Stipulated Penalty Amounts - Plans, Reports, Notices and other Deliverables. The following stipulated penalties shall accrue per violation per day for failure to submit timely or adequate reports, notices or other plans or deliverables pursuant to the Consent Decree, including those required by Section IX (Reporting Requirements), Section X (Project Coordinators), Section XII (Certification of Completion of the Work), and Section XIII (Emergency Response):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 500 | 1st through 14th day |
| $ 1,500 | 15th through 30th day |
| $ 2,500 | 31st day and beyond |

49.     All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  However, stipulated penalties shall not accrue: (a) with respect to a deficient submission under Section XI (EPA Approval of Plans, Reports, and Other Deliverables), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency; (b) with respect to a decision by the Director of the Office of Environmental Cleanup, EPA Region 10, under Paragraph 43.b or 44.a of Section XVII (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendant's reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or (c) with respect to judicial review by this Court of any dispute under Section XVII (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

50.     Following EPA's determination that Settling Defendant has failed to comply with a requirement of this Consent Decree, EPA may give Settling Defendant written notification of the same and describe the noncompliance.  EPA may send Settling Defendant a written demand for the payment of the penalties.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified Settling Defendant of a violation.

51.     All penalties accruing under this Section shall be due and payable to the United States within 30 days after Settling Defendant's receipt from EPA of a demand for payment of the penalties, unless Settling Defendant invokes the Dispute Resolution procedures under Section XVII (Dispute Resolution) within the 30-day period.  All payments to the United States under this Section shall indicate that the payment is for stipulated penalties and shall be made in accordance with Paragraph 31.b (Instructions for Future Response Cost Payments).

52.     Penalties shall continue to accrue as provided in Paragraph 49 during any dispute resolution period, but need not be paid until the following:

       a.      If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owed shall be paid to EPA within 15 days after the agreement or the receipt of EPA's decision or order;

       b.      If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendant shall pay all accrued penalties determined by the Court to be owed to EPA within 60 days after receipt of the Court's decision or order, except as provided in Paragraph 52.c;

       c.      If the District Court's decision is appealed by any Party, Settling Defendant shall pay all accrued penalties determined by the District Court to be owed to the United States into an interest-bearing escrow account, established at a duly chartered bank or trust company that is insured by the FDIC, within 60 days after receipt of the Court's decision or

20

order.  Penalties shall be paid into this account as they continue to accrue, at least every 60 days.  Within 15 days after receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to Settling Defendant to the extent that it prevails.

53.     If Settling Defendant fails to pay stipulated penalties when due, Settling Defendant shall pay Interest on the unpaid stipulated penalties as follows: (a) if Settling Defendant has timely invoked dispute resolution such that the obligation to pay stipulated penalties has been stayed pending the outcome of dispute resolution, Interest shall accrue from the date stipulated penalties are due pursuant to Paragraph 49 until the date of payment; and (b) if Settling Defendant fails to timely invoke dispute resolution, Interest shall accrue from the date of demand under Paragraph 50 until the date of payment.  If Settling Defendant fails to pay stipulated penalties and Interest when due, the United States may institute proceedings to collect the penalties and Interest.

54.     The payment of penalties and Interest, if any, shall not alter in any way Settling Defendant's obligation to complete the performance of the Work required under this Consent Decree.

55.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendant's violation of this Consent Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(*l*) of CERCLA, 42 U.S.C. § 9622(*l*), provided, however, that the United States shall not seek civil penalties pursuant to Section 122(*l*) of CERCLA for any violation for which a stipulated penalty is provided in this Consent Decree, except in the case of a willful violation of this Consent Decree.

56.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XIX. COVENANTS BY PLAINTIFF

57.     <u>Covenants for Settling Defendant by United States</u>.  In consideration of the actions that will be performed and the payments that will be made by Settling Defendant under this Consent Decree, and except as specifically provided in Paragraph 58 (General Reservations of Rights) of this Section, the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA for the Work, Past Response Costs and Future Response Costs.  These covenants shall take effect upon the receipt by EPA of the payment required by Paragraph 29.a (Payments for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 33 (Interest) or Section XVIII (Stipulated Penalties).  These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  These covenants extend only to Settling Defendant and do not extend to any other person.

58.     <u>General Reservations of Rights</u>.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters

not expressly included within Plaintiff's covenant.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

       a.       liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

       b.       liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

       c.       liability based on the ownership of the Site by Settling Defendant when such ownership commences after signature of this Consent Decree by Settling Defendant;

       d.       liability based on the operation of the Site by Settling Defendant when such operation commences after signature of this Consent Decree by Setting Defendant and does not arise solely from Settling Defendant's performance of the Work;

       e.       liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, other than as provided in the Action Memorandum, the Work, or otherwise ordered by EPA, after signature of this Consent Decree by Settling Defendant;

       f.       liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

       g.       criminal liability;

       h.       liability for violations of federal or state law that occur during or after implementation of the Work;

       i.       liability for additional operable units at the Site or the final response action; and

       j.       liability for costs that the United States will incur regarding the Site but that are not within the definition of Future Response Costs.

## XX. COVENANTS BY SETTLING DEFENDANT

59.    <u>Covenants by Settling Defendant</u>.  Subject to the reservations in Paragraph 61, Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States with respect to the Work, past response actions regarding the Site, Past Response Costs, Future Response Costs, and this Consent Decree, including, but not limited to:

       a.       any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through CERCLA Sections 106(b)(2), 107, 111, 112 or 113, or any other provision of law;

b.      any claims under CERCLA Sections 107 or 113, RCRA Section 7002(a), 42 U.S.C. § 6972(a), or state law regarding the Work, past response actions regarding the Site, Past Response Costs, Future Response Costs, and this Consent Decree; or

c.      any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Washington Constitution, the Tucker Act, 28 U.S.C. §1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law.

60.      Except as provided in Paragraphs 63 (Claims Against De Micromis Parties), 65 (Claims Against *De Minimis* and Ability to Pay Parties) and 70 (Res Judicata and Other Defenses), the covenants in this Section shall not apply if the United States brings a cause of action or issues an order pursuant to any of the reservations in Section XIX (Covenants by Plaintiff), other than in Paragraphs 58.a (claims for failure to meet a requirement of the Consent Decree), 58.g (criminal liability), and 58.h (violations of federal/state law during or after implementation of the Work), but only to the extent that Settling Defendant's claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

61.      Settling Defendant reserves, and this Consent Decree is without prejudice to, claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, and brought pursuant to any statute other than CERCLA or RCRA and for which the waiver of sovereign immunity is found in a statute other than CERCLA or RCRA, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States, as that term is defined in 28 U.S.C. § 2671, while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  However, the foregoing shall not include any claim based on EPA's selection of response actions, or the oversight or approval of Settling Defendant's plans, reports, other deliverables or activities.

62.      Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

63.      Claims Against De Micromis Parties.  Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for all matters relating to the Site against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

64.     The waiver in Paragraph 63 (Claims Against De Micromis Parties) shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the criteria in Paragraph 63 if such person asserts a claim or cause of action relating to the Site against Settling Defendant.  This waiver also shall not apply to any claim or cause of action against any person meeting the criteria in Paragraph 63 if EPA determines:

       a.      that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. § 9604(e) or § 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

       b.      that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

       65.     <u>Claims Against *De Minimis* and Ability to Pay Parties</u>.  Settling Defendant agrees not to assert any claims or causes of action and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against any person that has entered or in the future enters into a final CERCLA Section 122(g) *de minimis* settlement or a final settlement based on limited ability to pay with EPA with respect to the Site.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

XXI. EFFECT OF SETTLEMENT; CONTRIBUTION

       66.     Except as provided in Paragraphs 63 (Claims Against De Micromis Parties) and 65 (Claims Against *De Minimis* and Ability to Pay Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Paragraphs 63 (Claims Against De Micromis Parties) and 65 (Claims Against *De Minimis* and Ability to Pay Parties), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

       67.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the Effective

Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are the Work, Past Response Costs and Future Response Costs.

68.    Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

69.    Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify in writing the United States within ten days after service of the complaint on Settling Defendant. In addition, Settling Defendant shall notify the United States within ten days after service or receipt of any Motion for Summary Judgment and within ten days after receipt of any order from a court setting a case for trial.

70.    <u>Res Judicata and Other Defenses</u>. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XIX (Covenants by Plaintiff).

## XXII. ACCESS TO INFORMATION

71.    Settling Defendant shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within its possession or control or that of its contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Work. Settling Defendant shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

72.    <u>Business Confidential and Privileged Documents</u>.

a.    Settling Defendant may assert business confidentiality claims covering part or all of the Records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be afforded the protection

specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

       b.     Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege in lieu of providing Records, they shall provide Plaintiff with the following:  (1) the title of the Record; (2) the title of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the contents of the Record; and (6) the privilege asserted by Settling Defendant.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only.  Settling Defendant shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

       c.     No Records created or generated pursuant to the requirements of this Consent Decree shall be withheld from the United States on the grounds that they are privileged or confidential.

73.     No claim of confidentiality or privilege shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXIII. RETENTION OF RECORDS

74.     Until ten years after Settling Defendant's receipt of EPA's notification pursuant to Paragraph 27.b (Completion of the Work), Settling Defendant shall preserve and retain all non-identical copies of Records (including Records in electronic form) now in its possession or control or that come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that Settling Defendant  must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site.  Settling Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any Records (including Records in electronic form) now in its possession or control or that come into its possession or control that relate in any manner to the performance of the Work, provided, however, that Settling Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned Records required to be retained.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

75.     At the conclusion of this record retention period, Settling Defendant shall notify the United States at least 90 days prior to the destruction of any such Records, and, upon request by the United States, Settling Defendant shall deliver any such Records to EPA.  Settling

Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege, they shall provide Plaintiffs with the following: (a) the title of the Record; (b) the date of the Record; (c) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (d) the name and title of each addressee and recipient; (e) a description of the subject of the Record; and (f) the privilege asserted by Settling Defendant.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to the United States in redacted form to mask the privileged portion only.  Settling Defendant shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.  However, no Records created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged or confidential.

76.    Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e), 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXIV. NOTICES AND SUBMISSIONS

77.    Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  All notices and submissions shall be considered effective upon receipt, unless otherwise provided.  Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and Settling Defendant, respectively.  Notices required to be sent to EPA, and not to the United States, under the terms of this Consent Decree should not be sent to the U.S. Department of Justice.

As to the United States:          Chief, Environmental Enforcement Section
                                  Environment and Natural Resources Division
                                  U.S. Department of Justice
                                  P.O. Box 7611
                                  Washington, D.C.  20044-7611
                                  Re: DJ # 90-11-3-10899

As to EPA:                        Director, Office of Environmental Cleanup
                                  United States Environmental Protection Agency
                                  Region 10
                                  1200 Sixth Avenue, Suite 900
                                  Mail Stop: ECL-117
                                  Seattle, WA 98101

and:

Greg Weigel, EPA Project Coordinator
United States Environmental Protection Agency
Region 10, Idaho Operations Office
950 W Bannock, Suite 900
Boise, ID 83702


As to the State:

William J. Fees, Environmental Engineer
Washington Department of Ecology, Eastern Regional
Office
4601 North Monroe Street
Spokane, WA  99205


As to Settling Defendant:

Spokane County Engineer
1026 W. Broadway Avenue
Public Works Building
Spokane, Washington 99260-0170


## XXV. RETENTION OF JURISDICTION

78.    This Court retains jurisdiction over both the subject matter of this Consent Decree and Settling Defendant for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XVII (Dispute Resolution).

## XXVI. APPENDICES

79.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the Action Memorandum.

"Appendix B" is the Environmental Covenant.

"Appendix C" is the description and/or map of the Site.

## XXVII. COMMUNITY INVOLVEMENT

80.    If requested by EPA, Settling Defendant shall participate in community involvement activities pursuant to a community involvement plan to be developed by EPA.  EPA will determine the appropriate role for Settling Defendant under the Plan.  Settling Defendant shall also cooperate with EPA in providing information regarding the Work to the public. As

requested by EPA, Settling Defendant shall participate in the preparation of such information for dissemination to the public and in public meetings that may be held or sponsored by EPA to explain activities at or relating to the Site.  Costs incurred by the United States under this Section, including the costs of any technical assistance grant under Section 117(e) of CERCLA, 42 U.S.C. § 9617(e), shall be considered Future Response Costs that Settling Defendant shall pay pursuant to Section XIV (Payments for Response Costs).

XXVIII.        MODIFICATION

81.     Except as provided in Paragraph 11 (Modification of Environmental Covenant), material modifications to this Consent Decree shall be in writing, signed by the United States and Settling Defendant, and shall be effective upon approval by the Court.  Except as provided in Paragraph 11, non-material modifications to this Consent Decree shall be in writing and shall be effective when signed by duly authorized representatives of the United States and Settling Defendant.  A modification to the Consent Decree shall be considered material if it fundamentally alters the basic features of the selected removal action within the meaning of 40 C.F.R. § 300.435(c)(2)(ii).  Before providing its approval to any modification to the Consent Decree, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification.

82.     Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

XXIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

83.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

84.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

XXX. SIGNATORIES/SERVICE

85.     The undersigned representative of Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

86.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

87.     Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.  Settling Defendant needs not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXXI. FINAL JUDGMENT

88.     This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in the Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

89.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and Settling Defendant.  The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 30TH DAY OF APRIL, 2015.

_____

THOMAS O. RICE
  United States District Judge

30

Signature Page for Consent Decree regarding the Vermiculite Northwest – Spokane County Superfund Site

**FOR THE UNITED STATES OF AMERICA**:

12-24-2014

Date

Thomas A. Mariani, Jr.
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.

Erika M. Zimmerman
Trial Attorney, Oregon Bar No. 055004
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice, c/o NOAA
7600 Sand Point Way NE
Seattle, Washington 98115
(206) 526-6608
Erika.zimmerman@usdoj.gov

31

MICHAEL C. Ormsby
United States Attorney
Eastern District of Washington

Tyler H.L. Tornabene
Assistant United States Attorney
Eastern District of Washington
PO Box 1494

Spokane, Washington 99210

(509) 353-2767

Signature Page for Consent Decree regarding the Vermiculite Northwest – Spokane County Superfund Site

Richard Albright, Director
Office of Environmental Cleanup
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, Suite 900
Mail Stop: ECL-117
Seattle, WA 98101

Kristin Leefers, Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 10

1200 Sixth Avenue, Suite 900
Mail Stop: ORC-158
Seattle, WA 98101

Signature Page for Consent Decree regarding the Vermiculite Northwest – Spokane County Superfund Site

**FOR SPOKANE COUNTY, WASHINTON**

18/9/14

Date

James P. Emacio
Chief Civil Deputy Prosecuting Attorney
1115 West Broadway Avenue
Spokane, WA  99260
(Authorized under Resolution No. 2014-0914)

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name:     Steve  Bartel
Title:      Spokane County Risk Manager
Address:  1229 W. Mallon, Spokane WA 99260-0230
Phone:     (509) 477-6113
email:      SBartel@spokanecounty.org